DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jesse T. Stringfield, appeals the judgment of the Medina County Municipal Court finding him guilty of domestic violence. We affirm.
On approximately November 29, 1996, Amy Collins and her daughter, Brittany, were visiting Brittany's father, Stringfield. It is undisputed that Collins and Stringfield are the natural parents of Brittany. During this visit, Stringfield struck Collins on the face and head with his fist. He was found guilty of domestic violence for this incident. On appeal, he claims the lower court erred because Collins was not a "family or household member," as required by the domestic violence statute.
R.C. 2919.25(A) provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(E)(1)(b) defines "[f]amily or household member" as including "[t]he natural parent of any child of whom the offender is the other natural parent." As indicated, neither party disputes that Stringfield and Collins are the natural parents of Brittany. Therefore, the municipal court committed no error in convicting Stringfield of this offense. His sole assignment of error is not well taken.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Wadsworth Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
BAIRD, J.
REECE, J.
CONCUR.